[720 NYS2d 507]

In the Matter of JAMES CICCONE, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH
JUDICIAL DISTRICTS, Petitioner.

Second Department, November 20, 2000

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*David Worth,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained

three charges of professional misconduct. In his answer, he either denied the factual allegations contained in the petition or claimed that he was without knowledge or information sufficient to form a belief as to their truth. He also denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent opposes the Grievance Committee's motion.

All three charges against the respondent are predicated on the following factual allegations:

On April 30, 1998, the petitioner sent the respondent two letters with copies of complaints filed by Sonya Rencher and the Honorable Francois Rivera, respectively. The respondent was asked to submit written answers to the complaints within 10 days. The respondent failed to do so.

On May 7, 1998, the petitioner sent the respondent a letter with a copy of a complaint filed by James Heckstall. The respondent was asked to submit a written answer to the complaint within 10 days. The respondent failed to submit an answer.

On July 14, 1998, the petitioner sent the respondent three follow-up letters requesting written answers to the Rencher, Rivera, and Heckstall complaints within 10 days. The respondent failed to answer these letters.

On October 20, 1998, the petitioner sent the respondent a letter informing him that a *sua sponte* investigation had been commenced based on his alleged failure to cooperate with the Grievance Committee's investigation of the three complaints. The respondent was asked to submit written answers to the petitioner's allegations and the underlying complaints within 10 days. The respondent failed to do so.

On December 7, 1998, the petitioner again sent the respondent a letter informing him that a *sua sponte* investigation had been commenced based on his alleged failure to cooperate with the Grievance Committee's investigation of the three complaints. The respondent was again asked to submit written answers to the petitioner's allegations and the underlying complaints within 10 days. The respondent failed to do so.

On January 7, 1999, the petitioner sent the respondent a letter with a copy of a complaint filed by Carol Ann Guddahl. The respondent was asked to submit a written answer to the com-

plaint within 10 days. The respondent failed to submit an answer.

On February 19, 1999, the petitioner sent the respondent follow-up letters requesting his written answers to the *sua sponte* and Guddahl complaints. The respondent failed to do so.

On February 22, 1999, the petitioner sent the respondent a letter with a copy of a complaint filed by Lea Tenenbaum. The respondent was asked to submit a written answer to the complaint within 10 days. The respondent failed to submit an answer.

Charge One alleged that, based on the foregoing factual allegations, the respondent is guilty of conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Two alleged that, based on the foregoing factual allegations, the respondent is guilty of conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Charge Three alleged that, based on the foregoing factual allegations, the respondent is guilty of professional misconduct, in violation of 22 NYCRR 691.4 (*l*).

Based on the evidence adduced at the hearing, the Special Referee properly sustained all three charges.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he relies on the practice of law to support his family and that he has no financial resources other than his law practice. He also asks the Court to consider that he represents many clients, some of whom are children and some of whom are in the midst of trial, who would be irreparably harmed if he were no longer able to represent them. He further asks the Court to consider that he has never mishandled client funds or disclosed client confidences and that he cooperated with the Grievance Committee's investigation as soon as he was aware of it. Finally, he asks the Court to consider his community involvement, his extensive record of *pro bono* work, and his personal circumstances in 1998.

The respondent's prior disciplinary record consists of an admonition and two letters of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period two years.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James Ciccone, is suspended from the practice of law for a period of two years, commencing December 29, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James Ciccone, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [As amended by unpublished order entered Nov. 29, 2000.]

MOTION by the respondent to vacate so much of a decision and order of this Court dated May 9, 2000 as directed that he and his attorney, David Worth, each pay a sanction in the sum of $1,500 to the Lawyers' Fund for Client Protection, or, alternatively, to reduce the amount of the sanctions imposed or extend the time to pay such sanctions. Respondent was admitted to the Bar on June 28, 1984, at a term of the Appellate Division of the Supreme Court in the Fourth Judicial Department. By decision and order of this Court dated May 9, 2000, the respondent's motion, inter alia, to dismiss the petition was denied, and the Grievance Committee's cross motion to sanction the respondent and his attorney was granted. The respondent and his attorney were each directed to pay the sum of $1,500 to the Lawyers' Fund for Client Protection. By order to show cause dated June 6, 2000, the respondent and his attorney made the instant motion, and payment of the sanctions was stayed by this Court pending determination of the motion.

Upon the papers submitted in support of the motion and the papers submitted in response thereto, it is ordered that the motion is denied; and it is further,

Ordered that within 20 days after service upon him of a copy of this decision and order the respondent shall comply with the decision and order of this Court dated May 9, 2000 by personally paying a sanction in the sum of $1,500 to the Lawyers' Fund for Client Protection for his conduct in pursuing a frivolous motion; and it is further,

Ordered that within 20 days after service upon him of a copy of this decision and order the respondent's attorney, David Worth, shall comply with the decision and order of this Court dated May 9, 2000 by personally paying a sanction in the sum of $1,500 to the Lawyers' Fund for Client Protection for his conduct in pursuing a frivolous motion; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve a copy of this order upon counsel for both parties by regular mail; and it is further,

Ordered that within 10 days after payment of the respective sanctions, the respondent and his counsel shall file proof of such payment with the Clerk of this Court.