[742 NYS2d 338]

In the Matter of JAMES CICCONE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 13, 2002

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. In his amended answer, he admitted in part, and denied in part, the factual allegations contained in the petition. After a hearing, the Special Referee sustained all three charges. The petitioner now moves to confirm the report of the Special Referee. The respondent has not submitted any papers in opposition or in response to the motion.

Charge One alleged that the respondent is guilty of conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

On June 4, 1997, a judgment in the amount of $2,394 was entered against the respondent by the Civil Court, Queens County, in the case entitled *Rencher v Ciccone*. To date, the respondent has failed to satisfy the judgment.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.31 [a]) and DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]):

In late 1997 or early 1998, the respondent was retained to represent Clifton Coword in a criminal matter and filed a notice of appearance in the Criminal Court, Kings County. Following Mr. Coword's indictment, the case was scheduled for arraignment before the Honorable Francois Rivera in the Supreme Court, Kings County, on February 4, 1998, and again on February 10, 1998. The respondent failed to appear on either date and failed to explain his absence, despite telephone messages from the court requesting him to do so. By letter dated February 26, 1998, Judge Rivera directed the respondent to appear before him on March 19, 1998. The respondent failed to appear, or otherwise contact the court, as directed.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.31 [a]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

In May 1997, James Heckstall retained the respondent to represent him in connection with an application for a downward modification of child support. Mr. Heckstall was scheduled to appear in court on July 22, 1997. On that date, the respondent obtained an adjournment until sometime in October 1997. In

October 1997, the respondent was engaged and unable to appear, and the hearing date was adjourned until January 16, 1998. On that date, the respondent failed to appear. He subsequently failed to respond to telephone messages from Mr. Heckstall.

In view of the respondent's failure to appear at the hearing to rebut the petitioner's evidence, all three charges were properly sustained by the Special Referee. On October 19, 2001, the respondent was served with the petitioner's motion to confirm the report of the Special Referee. He has not submitted any papers in opposition or in response thereto. The motion is, therefore, granted.

The respondent's prior disciplinary history consists of two letters of caution, an admonition, and a two-year suspension (*see Matter of Ciccone,* 276 AD2d 126, *supra*).

Under the totality of the circumstances, the respondent is suspended from the practice of law for an additional five years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James Ciccone, is suspended from the practice of law for a period of five years, commencing upon the expiration of his current two-year suspension and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the five-year period upon furnishing satisfactory proof that during that period (a) he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James Ciccone, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.