[761 NYS2d 262]

In the Matter of JAMES CICCONE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 2, 2003

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*James Ciccone*, Brooklyn, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated December 12, 2002, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the

respondent, and the issues raised were referred to the Honorable Francis X. Egitto, as Special Referee, to hear and report. The respondent was directed to submit an answer to the petition within 10 days after service of the petition upon him. Previously, the respondent was suspended from the practice of law for a period of two years by opinion and order of this Court dated November 20, 2000, in an unrelated proceeding (*see Matter of Ciccone,* 276 AD2d 126 [2000]). He was suspended for an additional five years by opinion and order of this Court dated May 13, 2002, in another unrelated proceeding (*see Matter of Ciccone,* 293 AD2d 151 [2002]).

The petitioner now moves for leave to find the respondent in default of his obligation to submit a written answer to the petition, in this, the third disciplinary proceeding against him, and to impose discipline upon the charges set forth in that petition.

On January 14, 2003, the respondent was personally served with a petition containing eight charges of professional misconduct. The petition alleged, inter alia, that he failed to perform work he was retained to perform, failed to refund an unearned fee, failed to satisfy or vacate judgments entered against him, failed to pay sanctions, and failed to cooperate with the petitioner. The respondent did not answer the petition within the time permitted and did not move for an extension of time to answer. Accordingly, he is in default, and the charges against him are deemed established.

The respondent was served with the petitioner's motion and supporting papers on March 6, 2003. Although he has submitted an affirmation in opposition thereto, he still has not submitted a written answer to the petition or moved for an extension of time to answer.

Under the circumstances, the petitioner's motion is granted. The respondent is disbarred on default, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, FLORIO, FEUERSTEIN and SMITH, JJ., concur.

Ordered that the motion to impose discipline upon the respondent based upon his failure to answer the petition is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James Ciccone, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, James Ciccone, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.